OXYCAL LABORATORIES, INC., an Arizona corporation; Inter–Cal Corporation, an Arizona corporation Plaintiffs–Appellees/Cross–Appellants,

v.

James W. PATRICK, an individual; Alacer Corporation, a California corporation Defendant–Appellants/Cross–Appellees.

Nos. 99–56069, 99–56173.

D.C. No. SA CV–96–1119 HSA (Eex).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2001.

Decided April 25, 2001.

Before ARCHER,* TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM**

James Patrick ("Patrick") appeals the summary judgment of the District Court of the Central District of California holding him liable for tortious interference with contract and assessing *Prentice* damages of $229,655.19. Patrick further contests the court's decision denying his mo-

tion to amend his complaint. Oxycal Laboratories, Inc. ("Oxycal") cross appeals certain evidentiary decisions as well as the court's computation of *Prentice* damages. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I. Patrick's Appeal

We review the district court's refusal to allow Patrick to amend his complaint under a standard of abuse of discretion. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992). We review the district court's summary judgment of liability for intentional interference with contract *de novo*. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 584 (9th Cir. 1993). In doing so, we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

Patrick's motion for leave to amend his complaint was filed beyond the cut-off date set out in the court's scheduling order of August 8, 1997. With this scheduling order in place, the district court correctly analyzed Patrick's motion according to the standards set forth in Fed.R.Civ.P. 16(b), and determined that it would not permit Patrick's amendment "except upon a showing of good cause." Having heard Patrick's explanation for the belated amendment, the court found that Patrick had failed to make any such showing. Patrick has not convincingly challenged this finding on appeal. He is also incorrect in arguing that the court's modification of the pretrial order demonstrated that it abused

---

* The Honorable Glenn L. Archer, Jr., Senior Circuit Judge for the Court of Appeals for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

its discretion in refusing to allow a modification of the scheduling order.

■ We conclude that the district court properly granted summary judgment for Oxycal on its intentional interference with contract claim. Patrick contends that as sole owner and director of Alacer he was a party to the contract between Alacer and Oxycal and, therefore, could not have tortiously interfered with this contract. In support of his argument, Patrick points to *Applied Equipment Corp. v. Litton Saudi Arabia*, 7 Cal.4th 503, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994). California law, however, has "consistently found owners, managers, and advisers ... liable in tort as third parties where they were not acting to protect the interests of the contracting party." *Shapoff v. Scull*, 222 Cal.App.3d 1457, 272 Cal.Rptr. 480, 484 (Cal.Ct.App. 1990) (disapproved in part by *Applied Equip.*, 28 Cal.Rptr.2d 475, 869 P.2d at 464, n. 10); *see also Collins v. Vickter Manor, Inc.*, 47 Cal.2d 875, 882, 306 P.2d 783 (Cal.1957). *Applied Equipment* did not act to change this principle of California tort law. *Applied Equipment* merely disavowed caselaw holding parties to contracts liable for intentional interference under a conspiracy theory. *Applied Equip.*, 28 Cal.Rptr.2d 475, 869 P.2d at 464, n. 10 (specifying "[w]e disapprove of all prior cases to the extent they hold that a party to a contract can be held liable in tort based on a conspiracy to interfere with its own contract, including each of the following: *Shapoff v. Scull* ..."). Oxycal has not alleged a conspiracy theory in this case. Moreover, Patrick was not a party to the contract at issue here; the contract was between Alacer and Oxycal.

■ Patrick's argument on appeal is essentially an assertion of the manager's privilege. As the district court correctly noted, the manager's privilege is an affirmative defense to liability for intentional interference with contract. *Shapoff*, 272 Cal.Rptr. at 488; *Olivet v. Frischling*, 104 Cal.App.3d 831, 164 Cal.Rptr. 87, 91–92 (1980) (disapproved in part by *Applied Equip.*, 28 Cal.Rptr.2d 475, 869 P.2d at 464, n. 10); *Collins*, 47 Cal.2d at 883, 306 P.2d 783. As a legal justification, under California law, it must be affirmatively pled. *Herron v. State Farm Mutual Ins. Co.*, 56 Cal.2d 202, 207, 14 Cal.Rptr. 294, 363 P.2d 310 (Cal.1961) (in bank). Patrick failed to plead this defense in a timely manner in the district court and, therefore, cannot assert this defense now.

### III. Oxycal's Cross–Appeal

■ Oxycal challenges the district court's exclusion of evidence related to an investigation by the Federal Trade Commission ("FTC") as inadmissible hearsay and as irrelevant evidence. Oxycal also contends that the court improperly failed to award *Prentice* damages associated with its failed enforcement action. We review the district court's evidentiary rulings under a standard of abuse of discretion. *Kisor v. Johns–Manville Corp.*, 783 F.2d 1337, 1340 (9th Cir.1986). We review the district court's factual findings with respect to the *Prentice* damages for clear error, while the legal standards used in the calculation of damages are reviewed *de novo*. *R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc.*, 945 F.2d 269, 272 (9th Cir.1991).

■ With respect to the court's ruling that an alleged statement by Mr. Milgrom of the FTC was hearsay, we first reject Oxycal's argument under Fed. R.Evid. 803(1) ("present sense impression") because this argument was not raised below. *Royal Ins. Co. v. Sea–Land Serv. Inc.*, 50 F.3d 723, 729 (9th Cir.1995). Oxycal's argument under Fed.R.Evid. 807 is also unpersuasive, because there are no "equivalent circumstantial guarantees of

trustworthiness," as required by Fed. R.Evid. 807, associated with this alleged statement. We also reject Oxycal's argument under Fed.R.Evid. 803(3) ("then existing state of mind or motive"). Oxycal attempted to rely on this statement to establish the FTC's motive in initiating its investigation. The alleged statement, however, occurred after the initiation of the investigation and, therefore, was not a statement of "then existing" motive within the meaning of this exception. *See Shepard v. United States,* 290 U.S. 96, 105–06, 54 S.Ct. 22, 78 L.Ed. 196 (1933) ("Declarations of intention, casting light upon the future, have been sharply distinguished from declarations of memory, pointing backwards to the past."). Finally, all of Oxycal's arguments suffer from the problem that the statement is possibly double hearsay, because Oxycal could not demonstrate that Milgrom had personal knowledge of the facts of the alleged statement. Accordingly, we cannot conclude that the court abused its discretion in excluding this statement.

■ With respect to the other evidence concerning the FTC investigation, we conclude that the court permissibly excluded this evidence under Fed.R.Evid. 402 ("Evidence which is not relevant is not admissible."). Oxycal's attempt to support its claim for damages by reference to the FTC investigation was overly speculative. The letter at issue mentioned the FDA not the FTC. Oxycal could only trace the letter to the subcommittee with oversight of the FTC, not to the FTC itself. Finally, Oxycal could not prove that the FTC's investigation was more likely caused by this particular letter than by Patrick's previous public condemnations of Oxycal's products. In light of these serious problems with this evidence, we cannot conclude that its exclusion was an abuse of discretion.

■ Finally, we consider the district court's computation of *Prentice* damages. Oxycal argues that the district court improperly refused to award *Prentice* damages to compensate Oxycal for its expenses incurred in the original enforcement action. We disagree. Under California law, a "person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred." *Prentice v. N. Am. Title Guar. Corp.,* 59 Cal.2d 618, 30 Cal. Rptr. 821, 381 P.2d 645, 647 (1963) (in bank). The district court concluded that the expenses incurred in Oxycal's initial enforcement action "were not reasonably incurred in attempting to enforce the Settlement Agreement between plaintiffs and defendant Alacer Corporation." In the initial action, the court only had jurisdiction to enforce the permanent injunction entered based on the settlement agreement; enforcement of the settlement agreement itself required a second cause of action. Thus, Oxycal's unsuccessful attempts at enforcement in the initial action are distinct. These damages were not recoverable as *Prentice* damages under its tort claim in the current action.

IV. Conclusion

For the reasons stated above, the summary judgment of the district court is affirmed.

AFFIRMED