[S. F. No. 20954. In Bank. May 21, 1963.]

JOHN J. PRENTICE et al., Plaintiffs and Respondents, v. NORTH AMERICAN TITLE GUARANTY CORPORATION, ALAMEDA DIVISION, Defendant and Appellant.

Sidney L. Weinstock, Harold J. Chase and Weinstock, Anderson, Maloney & Chase for Defendant and Appellant.

John R. Forde, Jr., and Robert T. Eshleman for Plaintiffs and Respondents.

McCOMB, J.—Defendant appeals from a judgment in favor of plaintiffs in an action to recover damages for negligence in the closing of a sale of real property.

*Facts:* Plaintiffs agreed to sell certain land to Robert J. Horton and Mary R. Horton, to accept the Hortons' deed of trust for most of the purchase price, and to subordinate their interest to any loan the Hortons might obtain for the purpose of constructing an apartment building on the land.

The Hortons obtained a loan from Blanche Pope Neal and gave their note in the amount of the loan, secured by a first deed of trust on the property.

Defendant acted as escrow holder and closed the transaction pursuant to written instructions from the parties.

Upon completion of the sale, the Hortons had title to the land, subject to a first deed of trust in favor of Neal and a second deed of trust in favor of plaintiffs for the balance due on the purchase price.

The Hortons did not use the proceeds of the loan from Neal to construct an apartment house, but devoted the money to other purposes, later filing a petition in bankruptcy.

Plaintiffs then brought this action against the Hortons, Neal, and defendant.

Plaintiffs' complaint contained various counts against defendants Horton and Neal, and the trial court granted relief against these defendants by a decree quieting plaintiffs' title against their claims.

The counts against defendant were ·based purely on the ground of negligence. The trial court found that defendant had been negligent in closing the sale and awarded plaintiffs as damages the amount of attorney's fees incurred by them in the prosecution of the counts in the complaint against defendants Horton and Neal.

*Questions:* ■ First. *When a vendor of land has been required, because of the negligence of a paid escrow holder, to protect his interests by bringing a successful quiet title action against the purchaser and the holder of a first deed of trust, may he recover from the escrow holder the amount of attorney's fees paid in the quiet title action?*

*Yes.*

■ *General rule*: In the absence of some special agreement, statutory provision, or exceptional circumstances, attorney's fees are to be paid by the party employing ·the attorney. (Code Civ. Proc., § 1021; *Reid* v. *Valley Restaurants, Inc.,* 48 Cal.2d 606, 610 [5] [311 P.2d 473] ; *Estate of Reade,* 31 Cal.2d 669, 671 [2] [191 P.2d 745] ; *Estate of Williamson,* 150 Cal.App.2d 334, 341 [8] [310 P.2d 77].)

■ *Exception*: A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred. (*Stevens* v. *Chisholm,* 179 Cal. 557, 564 [178 P. 128] ; *Nelson* v. *Kellogg,* 162 Cal. 621, 623 [123 P. 1115, Ann.Cas. 1913D 759] ; *Contra Costa County Title Co.* v. *Waloff,* 184 Cal.App.2d 59, 67 [9a] [7 Cal.Rptr. 358] ; Rest., Torts (1939) § 914; 15 Am.Jur. (1938) Damages, § 144, p. 552; 25 C.J.S. (1941) Damages, § 50c, p. 534; cf. *Estate of Williamson, supra,* 150 Cal.App.2d 334, 341.)

■ It is urged that this exception is not applicable in this case because of the provisions of section 1021 of the Code of Civil Procedure. That section provides: ''Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement . . . of the parties. . . .''

This section undoubtedly prohibits the allowance of attorney fees against a defendant in an ordinary two-party law-

suit. (*Reid* v. *Valley Restaurants, Inc., supra*; *American Aero. Corp.* v. *Grand Cen. Aircraft Co.*, 155 Cal.App.2d 69, 83 [9] [317 P.2d 694].) Section 1021 is merely a statement of the general rule. (See Rest., Torts (1939) § 914, com. c.)

The section is not applicable to cases where a defendant has wrongfully made it necessary for a plaintiff to sue a third person. (*Stevens* v. *Chisholm, supra*; *Nelson* v. *Kellogg, supra*; *Contra Costa County Title Co.* v. *Waloff, supra*; *Peebler* v. *Olds*, 71 Cal.App.2d 382, 389 [8] [162 P.2d 953].) In this case we are not dealing with "the measure and mode of compensation of attorneys" but with damages wrongfully caused by defendant's improper actions.

When a paid escrow holder has, as in this case, negligently made it necessary for the vendor of land to file a quiet title action against a third person, attorney's fees incurred by the vendor in prosecuting such action are recoverable as an item of the vendor's damages in an action against the escrow holder.

Here the natural and proximate consequence of defendant's negligence was to require plaintiffs to file an action seeking to quiet their title against claims by either the Hortons or Neal. Accordingly, under the rules hereinabove set forth, plaintiffs were entitled to recover from defendant as damages reasonable compensation for attorney's fees incurred by them in their litigation with such third parties.

In the usual case, the attorney's fees will have been incurred in connection with a prior action; but there is no reason why recovery of such fees should be denied simply because the two causes (the one against the third person and the one against the party whose breach of duty made it necessary for the plaintiff to sue the third person) are tried in the same court at the same time. (*Contra Costa County Title Co.* v. *Waloff, supra*, 184 Cal.App.2d 59, 68 [9b].)

There was no disadvantage to defendant in the fact that the causes, although separate, were concurrently tried. Because a judgment quieting title was obtained by plaintiffs against the Hortons and Neal, defendant incurred no liability for damages other than for costs and attorney's fees.

Second. *Was the damage which was caused by the incurring of attorney's fees properly pleaded?*

*No.* The pleadings contain no allegation that attorney's fees had been, or would be, incurred in the clearing of title. However, the issue was thoroughly tried and understood by counsel and by the court, and no prejudice has resulted to

defendant from a failure to allege the damage more specifically in the complaint. Therefore, since there was not a miscarriage of justice, under article VI, section 4½, of the Constitution this error must be disregarded.

In view of the foregoing conclusions, it is unnecessary to discuss other questions argued by counsel.

The judgment is affirmed.

Gibson, C.J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.