[Civ. No. 13346. Third Dist. May 18, 1973.]

TRAILS TRUCKING, INC., Cross-complainant and Appellant, v.
BENDIX-WESTINGHOUSE AUTOMOTIVE AIR BRAKE COMPANY,
Cross-defendant and Respondent.

**COUNSEL**

Clyde Small for Cross-complainant and Appellant.

Carroll, Burdick & McDonough and Steven Alan Beilock for Cross-defendant and Respondent.

## OPINION

**PIERCE, J.***—The original complaint in this matter was filed by Elmer and Avis Crews, husband and wife, and was for serious personal injuries suffered by the latter; also for medical expenses and hospitalization. Originally, the sole defendants were Trails Trucking, Inc. ("Trails") and its truck driver, Peter R. Ramirez. The injuries resulted from a collision between the Crews' automobile, northbound along highway 99N in Tehama County, and Trails' truck with two trailers attached driving in the opposite direction. The accident happened when the rear trailer jack-knifed, swinging into the northbound lane, striking the Crews' car a severe blow. The complaint alleged negligent maintenance and operation of the truck equipment.

Trails answered and cross-complained bringing in several new parties. The upshot of the total pleading and cross-pleading was the presence in the litigation of defendant and cross-complainant, San Jose Autocar White Company, allegedly negligent in repairing and maintaining the equipment, and Bendix-Westinghouse Automotive Air Brake Company ("Bendix"), supplier, distributor and seller to Trails of an allegedly defective air hose which connected the air-braking equipment from the jackknifing trailer to the rest of the equipment. (That air hose had been manufactured by Swan Manufacturing—not a party to this litigation.)

At the jury trial there was no dispute that the rear trailer had jack-knifed across the center line and hit the Crews' car which was then being operated in its proper lane. Various theories, however, were seriously urged by the several parties as to what had caused the trailer aft to swerve. These causes ran the gamut from excessive speed and other erratic driving and braking by Ramirez, causing the air brake to burst during the accident, to defective manufacture of the air hose—possibly other causes. (It is unnecessary for us to review the evidence further on this subject.)

The jury was carefully instructed and special verdict forms were submitted to it. It brought in a verdict finding Bendix solely liable. Judgment was entered on the verdict. After an appeal the Crews' judgment was affirmed. The amount thereof has been paid.

Meanwhile, the issues raised by Trails' cross-complaint against Ben-

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

dix had been carved out and deferred for further trial. The only issue remaining after the first trial was the damages to which Trails was entitled, principally (a) its reasonable attorney's fee[1] in defending the first phase of the action—that brought by Crews (b) other general expenses in defending the same phase of the action in the sum of $2,105.10, and (c) damages to Trails' trailer. (For the last mentioned damages, the court instructed the jury to return a verdict of $379.37.)

The principal question was the liability of Bendix for Trails' attorneys' fee in the former action. Regarding this, the trial judge said: "The Judge conceives that this . . . is what may be termed an 'exploratory' proceeding to see whether the Reviewing Courts are ready to direct that attorneys' fees are recoverable in this type of action. This Judge feels that such entension should be a legislative matter; . . . such extension has not been yet announced by opinion of any controlling Reviewing Court." The trial court ordered a directed verdict disallowing the attorneys' fee, also the expenses of $2,105.10. This court will affirm.

## THE LAW APPLICABLE

Civil Code section 3333 reads as follows: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not."

But Code of Civil Procedure section 1021 provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided."

Code of Civil Procedure section 1021 is cited by our Supreme Court in *Prentice* v. *North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618, at page 620 [30 Cal.Rptr. 821, 381 P.2d 645], in support of the "general rule": "In the absence of some special agreement, statutory provision, or exceptional circumstances, attorney's fees are to be paid by the party employing the attorney. [Citations.]" An "exception" is stated falling within the category of "exceptional circumstances" stated in the "general rule."

---

[1] It has been stipulated that that fee, if recoverable, would be reasonably in the sum of $9,835.

It is: "A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred. [Citations.]" (*Id.*, p. 620.) *Prentice* also states on page 621: "The section [§ 1021] is not applicable to cases where a defendant has wrongfully made it necessary for a plaintiff to sue a third person. [Citations.]" These quotations were written in the context of the following facts. Plaintiffs had agreed to sell certain lands to the Hortons, accepting a trust deed for a large part of the purchase price. Plaintiffs agreed to subordinate their interest to a construction loan for the building of an apartment house which the Hortons agreed to build. The conveyancing papers were escrowed with defendant with appropriate instructions covering the sale and its conditions. The escrow holder, violating instructions, closed the transaction negligently. The Hortons borrowed money from Neal, but did not use the loan proceeds to construct an apartment house. Instead, they diverted the money to other purposes (later going through bankruptcy). In separate counts plaintiff sued to quiet title against the Hortons, Neal and defendant escrow holder. They were successful against all defendants. The state Supreme Court sustained their recovery from the escrow holder of attorney's fees paid in the quiet title action. (See also, *Ruth* v. *Lytton Sav. & Loan Assn.* (1968) 266 Cal.App.2d 831, 844 [72 Cal.Rptr. 521].)

■ There is a superficial similarity between the case at bench and *Prentice*. This court is unconvinced that it reaches the extent of "an exceptional circumstance" adequate to take our case out of the general rule and constitute an "exception."

In the *Prentice* case it is also stated (on p. 621): "In this case we are not dealing with 'the measure and mode of compensation of attorneys' but with damages wrongfully caused by defendant's improper actions." In the case before us it *did* turn out ultimately that defendant's improper actions were solely responsible for the accident. That, however, was not the be-all and end-all of the litigation. At the outset it was not the purpose of the litigation at all. Plaintiffs Crews had not sued defendant Trails because of a wrong done by Bendix to Trails. They had sued because of a wrong ostensibly done by Trails to Crews—a violation of a "Rules of the Road" section of the Vehicle Code (§ 21650)—for which Trails was inferentially responsible. That Trails was able to shift the blame, thus causing more than $305,000 to be paid by Bendix—or, more probably, the insurer of Bendix rather than by the insurer of

Trails—did not so change the relationship of the parties as to transform "the measure and mode of compensation of attorneys" to a measure of damages.

Trails' postulated position is that the sole question of defendant's liability is whether or not Bendix' tortious act proximately caused Trails' expenditures in defending the lawsuit, and therefore was a question of fact for the jury. The responsible authorities are to the contrary. (See, Prosser, Law of Torts (4th ed.) ch. 6, § 37, subd. 3, p. 206; ch. 7, § 44, subd. 1, p. 289.)

*Prentice, supra,* as we have quoted above states that Code of Civil Procedure section 1021 is but a statement of the general rule. General expenses (here comprising $2,105.10) were similarly a part of untaxable costs of litigation which were not allowable under the general rule and which have never been allowable as damages under the general rule either.

The general rule of nonallowability of attorney's fees and of other similar unrecoverable general expenses is one of long-standing. Bendix had owed a duty to Trails not to damage its truck negligently. For the breach of that duty the damage was fixed and was tendered by Bendix. It does not follow that a duty arose owed by Bendix to defendant Trails to pay attorney's fees incurred by Trails, or its general untaxable costs, in defending the first phase of the litigation anymore than Bendix is obligated to pay such fees and expenses in defending at this stage— which Trails does not and of course, cannot, claim.

This general rule has been in existence, partially statutory and partially court made, and has served us during many generations. In *Prentice, supra,* and the cases upon which it is based and which have followed it, courts have allowed such fees and expenses when exceptional circumstances have been found to exist. Such exceptional circumstances have been the result of weighing by courts of policy considerations— when the factors in favor of allowance, rather than any hard fast rule, have dictated the justice of the allowance of such damages—on a case-by-case basis. Appellant has not convinced us those exceptional circumstances exist. Here there is no case of fraud, separate litigation necessarily brought about by the wrongdoing of the ultimate single tortfeasor, no chain of vexatious litigation, in short, nothing to justify this court to open a "Pandora's Box" of prolonged litigation. To do so would deter and, perhaps, defeat, settlements causing a multiplicity of lawsuits by successful defendants.

█ Nor is the instant action properly brought for implied indemnity. Under the principles applicable to such an action, the right of indemnification does not arise unless some legal obligation exists to the injured party (here the Crews) and two parties have been declared liable (here both Bendix and Trails). Such elements are not present in the case at bench. (*Raynolds* v. *Volkswagenwerk Aktiengesellschaft* (1969) 275 Cal. App.2d 977 [80 Cal.Rptr. 610].)

Judgment is affirmed.

Friedman, Acting P. J., and Janes, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 12, 1973.