[Civ. No. 19007. Third Dist. Oct. 7, 1980.]

G. C. MANNING et al., Cross-complainants and Appellants, v.
R. D. SIFFORD, Cross-Defendant and Appellant;
KENNETH PRATHER et al., Cross-defendants and Respondents.

8

## COUNSEL

Rawlins Coffman for Cross-complainants and Appellants.

Franklin A. Dill for Cross-defendant and Appellant and for Cross-defendants and Respondents.

## OPINION

**EVANS, J.**—This appeal requires resolution of one issue: is an agent who is required to bring a cross-action against a wrongdoer who caused injury to the principal entitled to recover attorney's fees for helping to successfully secure redress against that wrongdoer? We answer that question affirmatively.

Appellants Manning, Brundage, and Greendale (brokers) sold a 40-acre parcel of property in Tehama County to the DeGraws. In the context of the sale, the brokers confirmed the existence of an access easement to the property across property of another, and it was described in the deed of conveyance. Shortly after the purchase was closed, the owner of the land subject to the easement (Sifford) and his tenant blocked the easement and precluded its use, thus denying the DeGraws vehicular access to their property. The DeGraws instituted a quiet title action against Sifford and also sought damages for the interference. They also named the sellers as defendants and demanded specific performance or damages in the alternative; the brokers were also named defendants against whom the plaintiffs sought damages for alleged misrepresentations concerning the easement. The brokers cross-complained against Sifford, his successor in interest, and his tenant for their attorney's fees as damages, their cost of litigation, and related expenses, asserting that each were foreseeable consequences of Sifford's wrongful interference with the easement.

The trial court granted Sifford's motion for judgment on the pleadings on the cross-complaint and entered a judgment granting quiet title to Sifford and his successor, subject to a 14-foot-wide road easement acquired by prescription[1] and prohibited Sifford and his successors from interfering with its use. The trial court also determined the DeGraws had not suffered damages as a result of the interference with the easement. The court allowed brokers to recover their costs from Sifford, but denied the requested attorney's fees.

Section 1021 of the Code of Civil Procedure authorizes recovery of attorney's fees only as the result of an agreement between the parties or if otherwise specifically provided for by statute. However, an exception to this statutory rule was established in *Prentice* v. *North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618, 621 [30 Cal.Rptr. 821, 381 P.2d 645]. There the court found that "[t]he section is not applicable to cases where a defendant has wrongfully made it necessary for a plaintiff to sue a third person. [Citations.] In this case we are not dealing with 'the measure and mode of compensation of attorneys' but with damages wrongfully caused by defendant's improper actions." ▮ In other words, "[a] person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred." (*Id.*, at p. 620.) The *Prentice* court concluded that when a title insurance company's negligence in closing a sale forced a seller to institute an action against the purchaser for damages, the title company was responsible for the seller's resulting attorney's fees.

▮ Sifford contends that *Prentice* is distinguishable because unlike *Prentice*, the third party's (Sifford) wrongful conduct here was not directed against the party seeking attorney's fees. It is asserted that since Sifford owed no "duty" to brokers, a wrongful act was not committed against brokers, thus relieving Sifford of any liability for their damages (attorney's fees). Such a limitation is not expressly found nor is it implied in *Prentice* or in any subsequent decision in accord. On the contrary, the court in *Lang* v. *Klinger* (1973) 34 Cal.App.3d 987 [110 Cal.Rptr. 532], rejected a similar contention. In *Lang*, the defendant title insurance company in closing a sale of land negligently failed to

---

[1]The trial court found a strong indication that Sifford and the other parties involved were aware of the existence of the easement.

discover a judgment lien against the property. When the judgment creditors commenced an execution sale of the property, the title company defendant attempted to avoid liability for potential loss under the sale and had the sale enjoined. In reversing the judgment of the trial court, the Court of Appeal applied *Prentice* and ordered defendant title company to pay the judgment creditor's attorney's fees and other expenses incurred in its defense. The court noted that "...although appellants were not parties to the escrow, they were injured by the attempted transfer to them of loss from the insureds, and they were compelled to become obligated for attorney's fees and expenses." (*Lang*, at p. 993.) It is apparent that the fact that the defendant title company had not committed a tortious act against the judgment creditor did not relieve them of their obligation to pay the judgment creditor's litigation expenses.

Similarly, in this case, although Sifford's wrongful conduct was not directed against brokers, it was done intentionally and apparently with knowledge that it was unjustified.[2] Moreover, we fail to find it unforeseeable that the interference with the DeGraws' easement would cause them to sue the realtors for misrepresentations concerning the existence of the easement. The DeGraws' action against third parties was a "natural and proximate consequence" of Sifford's activities. (See *Prentice* v. *North Amer. Title Guar. Corp., supra,* 59 Cal.2d at p. 621.) We also conclude that "...plaintiffs acted reasonably and foreseeably in suing all defendants in order to insure relief from the position in which they had been improperly placed." (*Ruth* v. *Lytton Sav. & Loan Assn.* (1968) 266 Cal.App.2d 831, 845 [72 Cal.Rptr. 521].)

Sifford asserts the holdings in the cases of *Davis* v. *Air Technical Industries, Inc.* (1978) 22 Cal.3d 1 [148 Cal.Rptr. 419, 582 P.2d 1010], and *Trails Trucking, Inc.* v. *Bendix-Westinghouse etc. Air Brake Co.* (1973) 32 Cal.App.3d 519 [108 Cal.Rptr. 30], preclude recovery of attorney's fees in this case. The contention is wrong. In *Davis*, a plaintiff had been injured while using Davis' elevator and sued both Davis and the elevator manufacturer, Air Technical, alleging negligence, breach of warranty, and strict liability. The first two claims were dismissed; both

[2] The trial court found Sifford's conduct indicated a "...clear awareness that the Steen successors were possessed of an interest in the Sifford land located in Section 31, and further that all parties were aware of the existence of such an interest." As this is an appeal on the clerk's transcript alone, we must conclude there was sufficient evidence to sustain this finding. (*Wheelright* v. *County of Marin* (1970) 2 Cal.3d 448, 454 [85 Cal.Rptr. 809, 467 P.2d 537]; *Kompf* v. *Morrison* (1946) 73 Cal.App.2d 284, 286 [166 P.2d 350]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 240, pp. 4232-4233.)

defendants were found strictly liable, and Air Technical was held to indemnify Davis. In rejecting Davis' additional request for attorney's fees from Air Technical, the court stated that "[a]lthough limited exceptions have been made to the rule embodied in section 1021, this court has never held that attorney's fees may be awarded in *ordinary products liability cases*" (italics ours; fn. omitted), and that "...in ordinary products liability cases, a manufacturer is not liable for attorney's fees incurred by an indemnified party solely in defense of alleged wrongdoing on its part."[3] (*Davis, supra,* 22 Cal.3d at pp. 5-6.) The decision is legally and factually inapposite.

*Trails, supra,* 32 Cal.App.3d 519, decided by this court, also dealt with the issue of the recovery of attorney's fees in a products liability action and is likewise inapposite.

Moreover, both *Trails* (32 Cal.App.3d at p. 524) and *Davis* (22 Cal.3d at p. 7) recognize that the *Prentice* holding is clearly applicable in "exceptional circumstances." In *Trails*, we explained that such circumstances "...have been the result of weighing by courts of policy considerations—when the factors in favor of allowance, rather than any hard fast rule, have dictated the justice of the allowance of such damages—on a case-by-case basis." (*Trails, supra,* 32 Cal.App.3d at p. 524.) In this instance, brokers' litigation expenses were incurred solely on behalf of the innocent prevailing parties who were the victims of Sifford's wrongful conduct. Brokers were innocent of any wrongdoing but were compelled to prove the DeGraws' case against Sifford to protect themselves from liability. Under such circumstances, it is only fair that Sifford be required to compensate the brokers for their reasonable litigation expenses, including attorney's fees.

The foregoing determination is also dispositive of Sifford's contention the trial court erroneously charged him with costs. Under the *Prentice* rationale, all of brokers' reasonable litigation expenses incurred as a result of cross-defendants' wrongful conduct are recoverable as damages. Costs were properly taxed. The trial court did not err as to costs.

The judgment appealed from is reversed as to Sifford and Prather only and is remanded for the limited purpose of determining a proper

---

[3]On the other hand, it is relevant to note the *Davis* court indicates, 22 Cal.3d at page 5, that it might allow a recovery of attorney's fees by an indemnitee which incurred those expenses on behalf of another.

award of attorney's fees in accord with our decision. In all other respects, the judgment is affirmed. Appellants, G. C. "Pete" Manning, doing business as Manning Realty, Earl Brundage, and Keith Greendale, shall recover their costs on appeal.

Regan, Acting P. J., concurred.

**BLEASE, J.**—I concur and dissent.

The majority opinion first suggests a basis in tort for the recovery by the real estate brokers of attorney's fees for having been compelled to defend themselves in an action brought by their principal as a consequence of the wrongful interference with the principal's rights by Sifford. The majority opinion states that the action against the brokers was a "'natural and proximate consequence' of Sifford's activities." It then inexplicably extends *Prentice v. North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618 [30 Cal.Rptr. 821, 381 P.2d 645] to permit recovery of attorney's fees other than as damages in a tort action. I concur in the suggestion and dissent from the extension.

*Prentice* holds, as an exception to the general rule permitting recovery of attorney's fees only as provided by statute or agreement, that attorney's fees may be recovered *as damages* which are "the natural and proximate consequence" of the tort of another. (*Id.,* at pp. 620-621.) Since *Prentice* is based upon tort principles, I do not understand upon what theory of liability the majority opinion extends *Prentice* beyond tort liability. The majority opinion does not explain.

The proper measure of recovery here is tort and not the unwarranted extension of *Prentice.*

A petition for a rehearing was denied November 6, 1980. Blease, J., was of the opinion that the petition should be granted. The petition of appellant Sifford and respondent Prather for a hearing by the Supreme Court was denied December 17, 1980. Bird, C. J., was of the opinion that the petition should be granted.