Filed 7/11/14  Dalton v. Francis CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| VERA DALTON et al., | H033247 |
| Plaintiffs and Respondents, | (Santa Clara County Super. Ct. No. CV011268) |
| v. | |
| JOANIE FRANCIS et al., | |
| Cross-defendants and Appellants; | |
| DIANE RENEE LAMBERT, | |
| Cross-complainant and Respondent. | |
| VERA DALTON et al., | H037789 |
| Plaintiffs and Respondents, | (Santa Clara County Super. Ct. No. CV011268) |
| v. | |
| JOANIE FRANCIS et al., | ORDER MODIFYING OPINION |
| Defendants, Cross-complainants and Appellants; | [NO CHANGE IN JUDGMENT] |
| DIANE RENEE LAMBERT, | |
| Defendant, Cross-defendant and Respondent. | |

THE COURT:

It is ordered that the opinion filed herein on June 26, 2014, be modified as follows:

1.  On page 22, after the last sentence in the disposition, add the following paragraph:

"The parties shall bear their own costs on appeal."


There is no change in the judgment.


_____
Mihara, J.


_____
Elia, Acting P. J.


_____
Grover, J.

Filed 6/26/14  Dalton v. Francis CA6 (unmodified version)
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| VERA DALTON et al., | H033247 |
| Plaintiffs and Respondents, | (Santa Clara County Super. Ct. No. CV011268) |
| v. | |
| JOANIE FRANCIS et al., | |
| Cross-defendants and Appellants; | |
| DIANE RENEE LAMBERT, | |
| Cross-complainant and Respondent. | |
| VERA DALTON et al., | H037789 |
| Plaintiffs and Respondents, | (Santa Clara County Super. Ct. No. CV011268) |
| v. | |
| JOANIE FRANCIS et al., | |
| Defendants, Cross-complainants and Appellants; | |
| DIANE RENEE LAMBERT, | |
| Defendant, Cross-defendant and Respondent. | |

Plaintiffs Vera Dalton and William Corbin bought a house from defendant Diana Renee Lambert. Defendants Century 21 Alpha and its agents Joanie Francis and Rich Robinson (collectively, the Century 21 defendants) represented plaintiffs and Lambert in the transaction. Plaintiffs discovered after they purchased the property that it had a dilapidated septic system that the county would not permit them to repair. The county required an expensive connection to the public sewer system.

Plaintiffs sued Lambert and the Century 21 defendants based on misrepresentations that the house was connected to the public sewer system. Lambert and the Century 21 defendants cross-complained against each other for indemnity. The gravamen of Lambert's cross-complaint was that the Century 21 defendants were negligent and breached their fiduciary duties by failing to verify whether the house was connected to the public sewer, "particularly when [she] advised [them] 'I don't know,' or 'I'm not sure,' . . . ." The gravamen of the Century 21 defendants' cross-complaint was that Lambert negligently "fail[ed] to fully and truthfully disclose all material facts concerning the property . . . ." Plaintiffs prevailed in a 2005 jury trial and obtained a damages award against all defendants. The Century 21 defendants' cross-complaint against Lambert was dismissed and judgment was entered in favor of Lambert. (See *Dalton v. Century 21 Alpha* (Dec. 20, 2007, H029904) [nonpub. opn.] (*Dalton I*).)

Three years of litigation over costs and attorney's fees (including a prior appeal to this court) followed. On June 13, 2008, the trial court awarded plaintiffs $262,905.50 in contractual attorney's fees and costs against Lambert. The court ruled that Lambert was entitled to "total implied equitable indemnity" from the Century 21 defendants for that amount. The court also ruled that Lambert could recover her own attorney's fees and costs from the Century 21 defendants under the tort of another doctrine.

The Century 21 defendants noticed their appeal from the June 13, 2008 order. Century 21 Alpha declared bankruptcy a week later. The bankruptcy stay caused the trial court to take the Century 21 defendants' then-pending motion to strike and/or tax costs

2

claimed by Lambert off calendar. Century 21 Alpha's chapter 11 reorganization plan was eventually approved and a permanent stay of proceedings against it was entered in 2011. Century 21 Alpha is no longer a party to this action.

Francis and Robinson (collectively, appellants) re-noticed the motion to strike and/or tax Lambert's costs when the bankruptcy stay was lifted in 2011. On November 7, 2011, the trial court issued an order largely denying the motion. Appellants filed a separate appeal from that order. This court ordered that the two appeals be considered together for purposes of briefing, oral argument, and decision.

Appellants contend that the trial court (1) lacked jurisdiction to issue the June 13, 2008 order, (2) erred in requiring appellants to indemnify Lambert for plaintiffs' attorney's fees, (3) erred in awarding Lambert her attorney's fees and costs under the tort of another doctrine, (4) awarded an "excessive and unreasonable" amount of attorney's fees to plaintiffs, and (5) abused its discretion in denying appellants' motion to strike and/or tax costs claimed by Lambert. We reverse the June 13, 2008 order and remand with directions that the trial court enter a new order stating that Lambert is not entitled to implied equitable indemnity from appellants for plaintiffs' attorney's fees and costs. We modify and affirm the November 7, 2011 order.

## I. Background

### A. 2005 Jury Trial

The jury by special verdict found Lambert liable to plaintiffs for breach of contract and negligence. The breach of contract claim was based on the residential purchase agreement between plaintiffs and Lambert, which contained a broad provision entitling the prevailing party to recover its attorney's fees and costs from the nonprevailing party "in any action, proceeding, or arbitration . . . arising out of" the purchase agreement. The jury specifically found that Francis told Lambert that the house was connected to the public sewer "at the time the Transfer Disclosure Statement was filled out." The jury

3

also found that the Century 21 defendants were "100%" at fault and Lambert "0%" at fault on the negligence cause of action, that their findings in plaintiffs' favor were based solely on the conduct of the Century 21 defendants, and that the Century 21 defendants were "100%" at fault for purposes of an equitable indemnity claim vis-à-vis Lambert. The court entered judgment on the jury verdict on June 1, 2005. Plaintiffs were awarded $85,495 in damages against all defendants and an undetermined amount of costs and reasonable attorney's fees against Lambert. The Century 21 defendants' cross-complaint against Lambert was dismissed and judgment was entered in favor of Lambert. (See *Dalton I*, *supra*, H029904, fn. 1.) The parties stipulated that Lambert's entitlement to indemnity from the Century 21 defendants for damages, for attorney's fees and costs incurred by plaintiffs, and for her own costs and reasonable attorney's fees would be determined by a separate motion. Century 21 Alpha paid $85,495 to plaintiffs in partial satisfaction of the judgment.

### B. Posttrial Proceedings

Plaintiffs moved to recover their contractual attorney's fees and costs from Lambert and for an award of costs against all defendants. Lambert moved for indemnification by the Century 21 defendants "for all damages, costs, and attorney fees awarded against her." She also sought to recover her own attorney's fees and costs from them under the tort of another doctrine. The Century 21 defendants opposed both motions. They also moved to strike and/or tax plaintiffs' costs. They explained that they did so to protect their interests since plaintiffs' brief "made it abundantly clear" that plaintiffs were using Lambert "as a vehicle" to obtain their attorney's fees and costs from the Century 21 defendants. Lambert also moved to tax plaintiffs' costs. The court heard all of the motions on July 22, 2005.

Lambert's counsel emphasized at the hearing that the jury believed Lambert's testimony that when she and Francis filled out the transfer disclosure statement together,

4

she specifically told Francis that she did not know whether the property was connected to the public sewer. The jury also believed Lambert's testimony that Francis responded with "a firm representation this is on sewer" and then checked the "sewer" box on the disclosure form. Counsel noted that the jury rejected Francis's testimony to the contrary, as evidenced by its special verdict finding that the Century 21 defendants were the source of the incorrect information supplied to plaintiffs and by its special interrogatory finding that Francis told Lambert that the house was connected to the public sewer "at the time the Transfer Disclosure Statement was filled out."

On October 18, 2005, the trial court issued its "Orders on Post Trial Motions for Costs and Attorneys Fees" (the October order). The October order stated in its entirety that "[t]he motion of Lambert for pass-through attorneys fees against [the Century 21 defendants] is DENIED. [¶] Plaintiffs may recover attorneys' fees and costs against [the Century 21 defendants] in the amount of $50,000.00."

Plaintiffs and Lambert filed separate motions for clarification of the October order. Plaintiffs pointed out the trial court's failure to rule on their motion to recover contractual attorney's fees and costs from Lambert. They also asked the court to clarify that the $50,000 award of "attorneys' fees and costs" against the Century 21 defendants was for costs only, since they were not entitled to (and did not seek) attorney's fees from the Century 21 defendants. Plaintiffs also joined in Lambert's motion for clarification of the court's orders on her entitlement to indemnity and to recover her own attorney's fees and costs from the Century 21 defendants. Lambert pointed out in her motion papers that the October order made "no mention" of any award of attorney's fees and costs against her, did not address her right to indemnification, and did not rule on her motion to recover her fees and costs under the tort of another doctrine.

The trial court heard the motions on December 5, 2005, and took them under submission. On December 14, 2005, plaintiffs and Lambert noticed separate appeals from the October order. On December 16, 2005, the trial court issued its ruling on the

5

motions (the December order). The December order stated that the court's own review led it to conclude that it "did not rule on all matters raised in the earlier motions and/or did not provide a clear and complete explanation of [its] intentions" in the October order. The court vacated the October order and substituted the December order in its stead. Plaintiffs and Lambert then abandoned their appeals from the October order. All parties appealed from the December order.

## C. *Dalton I*

This court reversed the December order as void for lack of jurisdiction because the parties' motions did not comply with Code of Civil Procedure section 1008.[1] (*Dalton I*, *supra*, H029904.)[2] The December order was void "for the additional reason that the [trial] court acted in excess of its jurisdiction in reconsidering a final appealable order." (*Ibid.*) This court directed the trial court to reinstate the October order. It explained that reinstatement of the order would restore the parties' rights to appeal from it and "restart the clock for other proceedings." (*Ibid.*) The court additionally directed that "[i]f the facts or the law support such action, the parties may bring a motion for reconsideration in accordance with section 1008, a motion to correct clerical errors under section 473, subdivision (d), or any other application or motion authorized by statute. Although the trial court may not sua sponte reconsider those rulings made in the October order, it may clarify any ambiguities in the order for the benefit of the parties and/or for appellate review. Additionally, the trial court may rule on any issues or motions it concludes were not addressed in the October order." (*Dalton I*, *supra*, H029904.)

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] This court granted appellants' request that it take judicial notice of its decision in *Dalton I*.

6

## D. Proceedings on Remand

The trial court reinstated the October order on April 16, 2008 (the reinstated order). Plaintiffs moved "for new trial or, alternatively, . . . to vacate order and enter different order, or, alternatively, . . . for clarification." Their papers asserted that "[t]he Court failed to issue an Order as to plaintiff's [2005] motion for reasonable attorney's fees and costs against defendant Lambert . . . ." Lambert moved in the alternative to vacate the judgment and enter a new judgment or for clarification. Her motion stated that the court "failed to issue an order as to [her] request for indemnification from [the Century 21 defendants]" and also "failed to issue an order as to [her] request that she be awarded her own costs and fees against [them] . . . ." The Century 21 defendants opposed both motions. They argued that the reinstated order "on its face needed no clarification." The court heard argument and took the motions under submission.

The trial court issued a three-page ruling on June 13, 2008. The ruling addressed plaintiffs' issues first. The court stated that it made an error of law when it failed to award plaintiffs their attorney's fees against Lambert. The error deprived plaintiffs of the benefit of their contract with her.

The court next addressed the amount of the award. It noted that the case was "tenaciously litigated" and "went through three mediation sessions." "[The Century 21 defendants], for reasons which were not frivolous, were not interested in settling . . . ." Their costs and fees "took a dramatic upturn when the litigation for trial stage began." Almost three dozen depositions were taken. "Nine experts were called as witnesses." Trial took 11 days. Plaintiffs presented "a picture of damages that could have far exceeded" what the jury awarded them. It was "of course" the Century 21 defendants' right to opt for trial rather than settlement. "But having made what proved to be an incorrect litigation decision is [a] responsibility that they alone must bear." The court concluded that plaintiffs were entitled to recover $262,905.50 in contractual attorney's fees and costs from Lambert.

7

The trial court addressed Lambert's motion next. It noted that "[i]n a special verdict and finding here, the jury found that [Francis] told Lambert that the house was on a public sewer at the time the Transfer Disclosure Statement was filled out." The court concluded that Lambert was entitled to "total indemnity" against the Century 21 defendants.

The court vacated the reinstated order. It awarded plaintiffs a total of $262,905.50 in contractual attorney's fees and costs against Lambert. It ruled that Lambert was entitled to "total implied equitable indemnity" against the Century 21 defendants for that amount. The court also ruled that Lambert could recover her own attorney's fees and costs from the Century 21 defendants under the tort of another doctrine "according to evidence found by the jury, for defending the action brought against her by the Plaintiffs."

Appellants filed a timely notice of appeal from the trial court's June 13, 2008 order. On December 30, 2011, they filed a separate appeal from the trial court's November 7, 2011 order regarding Lambert's costs. This court ordered that the two appeals be considered together.

## II. Discussion

### A. Jurisdiction

Appellants contend that the trial court lacked jurisdiction to enter the June 13, 2008 order. We disagree.

"When there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur." (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655 (*Hampton*).) Here, the remittitur terms are stated in the dispositional language of the *Dalton I* opinion. "Whether the trial court correctly interpreted our opinion is an issue of law subject to de novo review." (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859.)

8

This court's directions were broadly phrased. They authorized the parties to bring "any" application or motion authorized by statute. (*Dalton I*, *supra*, H029904.) They authorized the trial court to "clarify any ambiguities in the order for the benefit of the parties and/or for appellate review." (*Ibid*.) The directions "additionally" authorized the trial court to "rule on any issues or motions it concludes were not addressed in the October order." (*Ibid*.)

Appellants argue that the trial court had no jurisdiction to "increase" the amount of attorney's fees and costs it awarded to plaintiffs because there were no statutory grounds to grant a motion for a new trial, a motion for clarification, or a motion to vacate the judgment. The flaw in this argument is that it ignores this court's language specifically authorizing the trial court to "clarify any ambiguities in the order" and/or "to rule on any issues or motions it conclude[d] were not addressed in the October order." (*Dalton I*, *supra*, H029904.)

The trial court's October order was ambiguous and incomplete. The parties argued multiple motions on July 22, 2005. One of them was plaintiff's motion to recover fees and costs from Lambert. The October order did not mention that motion. It said nothing at all about plaintiffs' recovery of fees and costs from Lambert. It appeared to award plaintiffs their attorney's fees against the Century 21 defendants, although plaintiffs were not entitled to (and did not seek) fees from them. Because plaintiffs were not entitled to an award of attorney's fees from the Century 21 defendants, it was unclear whether the $50,000 that the October order awarded them for "fees and costs" against the Century 21 defendants was instead an award of $50,000 for costs only. If it was, plaintiffs' recovery of their attorney's fees remained unaddressed.

After the October order was entered, plaintiffs and Lambert called the failure to rule on the issue of plaintiffs' recovery of fees and costs against Lambert to the trial court's attention. The Century 21 defendants countered that the order was "clear on its face." They interpreted its award to plaintiffs of $50,000 in "attorneys' fees and costs"

9

against the Century 21 defendants as an implicit denial of plaintiffs' motion to recover fees and costs from Lambert.

In *Dalton I*, this court recognized that the October order's "failure to refer explicitly" to plaintiffs' motion for fees against Lambert or to Lambert's motion for indemnification for her own fees and costs "might be read as an implicit denial" of those motions. (*Dalton I*, *supra*, H029904.) "On the other hand, the lack of an explicit reference to each motion before the court may suggest that it did not rule on all the motions presented." (*Ibid.*) Accordingly, this court's directions to the trial court expressly authorized it "to rule on any issues or motions it concludes were not addressed in the October order." (*Ibid.*) The court suggested that "a letter to the trial court may be appropriate to remind the court of an overlooked motion or an ambiguous ruling." (*Ibid.*)

Instead of a letter, plaintiffs elected to file an expansively-captioned motion "for new trial or, alternatively, . . . to vacate order and enter different order, or, alternatively, . . . for clarification." The motion included a request that the court correct its failure to rule on their motion for fees and costs against Lambert.

The trial court did so. Its June 13, 2008 order stated that the court "made an error of law when it failed to award to Plaintiffs attorneys fees recoverable against Lambert." We find the court's choice of language significant. The court did not say it made an error of law when it *denied* plaintiffs' motion for attorney's fees against Lambert. We also find it significant that the trial court said in its December order that the court "did not rule on all matters raised in the earlier motions and/or did not provide a clear and complete explanation of [its] intentions" in the October order. This court's subsequent vacatur of the December order does not diminish the relevance of the trial court's acknowledgement that its October order was ambiguous and incomplete. For these reasons, we interpret the trial court's statement in its June 13, 2008 order as a reiteration of its prior acknowledgment that it did not rule on all of the motions submitted on July 22, 2005. The court corrected the oversight in its June 13, 2008 order by ruling on plaintiff's 2005

10

motion to recover fees from Lambert. The court plainly had jurisdiction to rule on the previously-overlooked motion because this court's directions in *Dalton I* expressly authorized it to do so. (*Dalton I*, *supra*, H029904; *Hampton*, *supra*, 38 Cal.2d at p. 654.)

To the extent appellants contend that the trial court lacked jurisdiction to enter the June 13, 2008 order granting Lambert's motion for indemnification, we reject the contention. The same reasoning applies. The trial court's June 13, 2008 order was not void for lack of jurisdiction.[3]


### B. Implied Equitable Indemnity for Plaintiffs' Attorney's Fees

Appellants contend that the trial court erred in requiring them to indemnify Lambert for plaintiffs' attorney's fees and costs. We agree.

"Indemnity may be defined as the obligation resting on one party to make good a loss or damage another party has incurred. [Citation.]" (*Rossmoor Sanitation, Inc. v. Pylon, Inc.* (1975) 13 Cal.3d 622, 628.) "Historically, the obligation . . . took three forms: (1) indemnity expressly provided for by contract (express indemnity); (2) indemnity implied from a contract not specifically mentioning indemnity (implied contractual indemnity); and (3) indemnity arising from the equities of particular circumstances (traditional [or tort-based] equitable indemnity)." (*Prince v. Pacific Gas & Electric Co.* (2009) 45 Cal.4th 1151, 1157 (*Prince*).) These were once regarded as three distinct categories but "implied contractual indemnity is now viewed simply as 'a form of equitable indemnity.'" (*Ibid.*)

The two forms of equitable indemnity arise from different sources. " '[I]mplied contractual indemnity . . . is grounded upon the indemnitor's breach of duty *owing to the*

---

3    Our conclusion that the remittitur gave the trial court jurisdiction to rule on the motions it previously overlooked makes it unnecessary for us to reach appellants' additional arguments that the trial court lacked jurisdiction to enter the June 13, 2008 order because there were no grounds for granting a new trial motion, a motion for clarification, or a motion to vacate the judgment.

11

*indemnitee* to properly perform its contractual duties.' [Citations.]" (*Bay Development, Ltd. v. Superior Court* (1990) 50 Cal.3d 1012, 1039-1040 (*Bay Development*).) "Historically, this type of indemnity was available when two parties in a contractual relationship were both responsible for injuring a third party; recovery rested on the theory that 'a contract under which the indemnitor undertook to do work or perform services necessarily implied an obligation to do the work involved in a proper manner and to discharge foreseeable damages resulting from improper performance absent any participation by the indemnitee in the wrongful act precluding recovery.' [Citations.]" (*Prince*, *supra*, 45 Cal.4th at p. 1159, italics omitted.)

Tort-based equitable indemnity "requires no contractual relationship between an indemnitor and an indemnitee. Such indemnity 'is premised on a joint legal obligation to another for damages,' but it 'does not invariably follow fault.' [Citation.]" (*Prince*, *supra*, 45 Cal.4th at p. 1158.) " '[J]oint and several liability in the context of equitable indemnity is fairly expansive.' [Citation.] It extends beyond the term 'joint tortfeasor' and may 'apply to acts that are concurrent or successive, joint or several, as long as they create a detriment caused by several actors.' [Citation.]" (*Id*. at p. 1158, fn. 3.)

"Equitable indemnification . . . is premised on fairness." (*Woodward-Gizienski & Assocs. v. Geotechnical Exploration, Inc.* (1989) 208 Cal.App.3d 64, 67 (*Woodward-Gizienski*).) " 'The basis for [equitable] indemnity is restitution, and the concept that one person is unjustly enriched at the expense of another when the other discharges liability that it should be his responsibility to pay.' " (*Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital* (1994) 8 Cal.4th 100, 108 (*Western Steamship*).) The doctrine was originally applied on an all-or-nothing-basis but current application "permit[s] partial indemnity among concurrent tortfeasors on a comparative fault basis." (*American Motorcycle Assn. v. Superior Court* (1978) 20 Cal.3d 578, 591, italics omitted.)

Lambert proceeded on an implied contractual indemnity theory below. The trial court premised its indemnity ruling on that theory. Appellants argue that the theory

12

cannot properly be applied against them because they were not parties to the listing agreement on which Lambert predicated her implied contractual indemnity claim. We agree.

"Where the signature as agent and not as a principal appears on the face of the contract, the principal is liable and not the agent." (*Lippert v. Bailey* (1966) 241 Cal.App.2d 376, 382 (*Lippert*); see generally Rest., Agency, §§ 156-157.) "Any signature or description from which it appears that the parties intend that the principal and not the agent shall be a party is efficacious in creating an inference that the principal is a party. In the absence of a contrary manifestation in the document, the following signatures and descriptions, among others, create an inference that the principal and not the agent is a party: The principal's name followed by the agent's name preceded by a preposition such as 'by' or 'per'; the principal's name followed by the agent's name with the word 'agent' added . . . ." (Rest., Agency, § 156, com. a, p. 388.)

Here, the parties used a standard form California Association of Realtors contract. The first page states that the contract was entered into between Century 21 Alpha as "Broker" and Lambert as "Seller." The signature page has a printed line that states "Real Estate Broker (Firm) _____ By (Agent) _____." "Century 21 Alpha" is handwritten in the first space, and "Joanie & Rich" [appellants Joanie Francis and Rich Robinson] is handwritten in the second space. It must be concluded that appellants signed the contract as agents of Century 21 Alpha. (*Lippert*, *supra*, 241 Cal.App.2d at p. 383.) Century 21 Alpha was a party to the contract. Appellants were not parties. (*Ibid.*)

We are cognizant that we must presume on appeal that a judgment or order of the trial court is correct and that we must indulge all intendments and presumptions in favor of its correctness. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) We will not disturb a finding of the trier of fact "if there is substantial evidence in the record to support that finding. . . . Even if this finding is implied . . . , it must be upheld if supported by any substantial evidence, regardless of the fact that the evidence is

13

contradictory or is not supported by the preponderance of the evidence." (*Lippert*, *supra*, 241 Cal.App.2d at p. 383.) Here, there were no jury findings on the issue because Lambert did not argue at trial that appellants were parties to the listing agreement. Nor can a finding that they were parties be implied. The record contains no evidence to support such a conclusion. It follows that appellants did not have an implied contractual obligation to indemnify Lambert.

Our conclusion that appellants were not parties to the listing agreement makes it unnecessary for us to reach their other arguments against application of an implied contractual indemnity theory. We must next consider whether application of a tort-based equitable indemnity theory will support the trial court's ruling. Appellants argue that tort-based equitable indemnity cannot apply because they were not parties to the residential purchase agreement that contained the attorney's fees provision and therefore are not jointly and severally liable to plaintiffs for their attorney's fees. We disagree.

Appellants' argument ignores the fact that the jury found appellants and Lambert jointly and severally liable to plaintiffs for negligence. In such situations, courts may apply a theory of tort-based equitable indemnity to apportion the loss between the wrongdoers according to their relative culpability. (E.g., *Leko v. Cornerstone Bldg. Inspection Service* (2001) 86 Cal.App.4th 1109, 1112-1113 (*Leko*) [realtor sued for negligent nondisclosure of defects in real property may seek equitable indemnity from home inspection company that was allegedly negligent in failing to discover and disclose the same defects].) At issue here is whether the doctrine of tort-based equitable indemnity is broad enough to permit the transfer of Lambert's contractual obligation to reimburse plaintiffs for their attorney's fees and costs from Lambert to appellants. We conclude that it is not.

As the California Supreme Court has explained, equitable indemnification "'is not automatically available . . . for all tortfeasors who injure the same plaintiff.'" (*Western Steamship*, *supra*, 8 Cal.4th at p. 109.) "[I]rrespective of the equities between or among

14

multiple tortfeasors, the right is subject to qualification, and countervailing considerations may limit recovery." (*Ibid.*) "[C]ourts have long recognized that 'the doctrine is not available where it would operate against public policy. [Citation.]'" (*Id.* at pp. 109-110.)

"It has been the traditional practice in this country for each litigant to bear his or her own attorney's fees." (*Bauguess v. Paine* (1978) 22 Cal.3d 626, 634 (*Bauguess*).) "This concept is embodied in section 1021 of the Code of Civil Procedure, which provides that each party is to bear his own attorney fees unless a statute or the agreement of the parties provides otherwise." (*Gray v. Don Miller & Associates, Inc.* (1984) 35 Cal.3d 498, 504, fn. omitted (*Gray*).) "Several exceptions to this general rule have been created by the courts. Three of these . . . base recovery of attorney fees to the prevailing party on the fact that the litigation has conferred benefits on others." (*Gray* at p. 505; *Serrano v. Priest* (1977) 20 Cal.3d 25, 35-48 [discussing common fund, substantial benefit, and private attorney general theories of recovery].) "A fourth established exception, sometimes referred to as the 'tort of another' . . . exception, allows a plaintiff attorney fees if he is required to employ counsel to prosecute or defend an action against a third party because of the tort of the defendant. [Citation.]" (*Gray*, at p. 505.) But as our high court has observed several times, the court "has moved cautiously in expanding the nonstatutory bases on which awards of attorney's fees may be predicated." (*Bauguess*, at p. 636; *Gray*, at p. 507.)

Here, none of the recognized exceptions to section 1021 applies. No statute authorized plaintiffs' recovery of their attorney's fees from appellants. Nor did appellants have a contractual obligation to reimburse plaintiffs' attorney's fees. The common fund, substantial benefit, and private attorney general theories of recovery do not apply. The tort of another exception does apply here, as we explain in greater detail in the next section. That exception authorized the trial court to award Lambert her own attorney's fees as damages proximately caused by appellants' tortious behavior. (*Gray*, *supra*, 35 Cal.3d at p. 507.) But it did not authorize the trial court to transfer Lambert's

15

obligation to reimburse plaintiffs' attorney's fees and costs to appellants. Neither Lambert nor plaintiffs have provided any authority to support extending the tort of another doctrine to allow a party to recover as tort damages contractual attorney's fees that it has been ordered to pay to a third party. We have found no such authority. Thus, we can uphold the trial court's order granting Lambert equitable indemnity for plaintiffs' attorney's fees only if we extend the tort of another doctrine or if we create an entirely new exception to section 1021. We are reluctant to do either given our high court's repeated observation that it "has moved cautiously" in expanding the nonstatutory bases on which awards of attorney's fees may be predicated. (*Bauguess*, at p. 636; *Gray*, at p. 507.) Thus, we conclude that Lambert was not entitled to tort-based equitable indemnity from appellants for plaintiffs' attorney's fees. The trial court's ruling to the contrary was erroneous under any standard.

### C. Lambert's Fees as Tort of Another Damages

Appellants contend that the trial court erred in awarding Lambert her own attorney's fees and costs under the tort of another doctrine. We disagree.

"[T]he 'tort of another' or 'third party tort' exception, allows a plaintiff attorney fees if he is required to employ counsel to prosecute or defend an action against a third party because of the tort of the defendant. [Citation.] This rule is embodied in the Restatement of Torts and is generally followed in the United States." (*Gray*, *supra*, 35 Cal.3d at p. 505, citing *Prentice* v. *North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618, 620-621 (*Prentice*).)

In *Gray*, the California Supreme Court considered whether the tort of another doctrine entitled a prospective buyer of property to recover attorney's fees that he incurred in an action necessitated by a real estate salesman's misrepresentation. (*Gray*, *supra*, 35 Cal.3d at pp. 507-508.) The court saw "no escape from the validity of plaintiff's claim in this regard." (*Id*. at p. 507.) It explained that "[i]f Fitch had not first

16

falsely notified plaintiff that his offer had been accepted and several months later told him that the sellers declined to sell the property, plaintiff would not have incurred attorney fees in seeking to obtain the property in a suit for specific performance against the sellers. Thus, Fitch's misrepresentation was the direct cause of plaintiff's action for specific performance against the sellers." (*Ibid*.) The court concluded that the plaintiff was entitled to recover from the real estate brokerage firm the attorney's fees he incurred in his action against the sellers. (*Gray*, at p. 507.)

A similar result is warranted here. The jury specifically found that Francis told Lambert that the house was connected to the public sewer "at the time the Transfer Disclosure Statement was filled out." The jury found that Lambert had reasonable grounds to believe that the representation in the transfer disclosure statement was true when made but that the Century 21 defendants did not. If Francis had not negligently and recklessly assured Lambert that the house was connected to the public sewer, the transfer disclosure statement would not have included the misrepresentation. Plaintiffs would not have sued Lambert. Lambert would not have been required to retain counsel to protect her interests. Because the Century 21 defendants' tortious conduct was the direct cause of Lambert's retention of counsel, the trial court properly allowed her to recover her own attorney's fees and costs from them as tort of another damages. (*Gray*, *supra*, 35 Cal.3d at p. 507.)

Appellants maintain that Lambert was not entitled to recover tort of another damages because "the jury did not find [her] innocent of wrongdoing" but on the contrary found that she was negligent and that her negligence was a substantial factor in causing plaintiffs' harm. We do not find this argument persuasive.

"Under the doctrine of respondeat superior, the vicarious liability of an employer or principal is not based on fault. The liability is imposed as a rule of policy, 'a deliberate allocation of a risk,' regardless of the [agent's] control or fault." (*Lathrop v. Healthcare Partners Medical Group* (2004) 114 Cal.App.4th 1412, 1423.)

17

Here, appellants selectively quote only a portion of the jury's findings on negligence. It is true that the jury found that Lambert and the Century 21 defendants were negligent and that their negligence was a substantial factor in causing plaintiffs' harm. But on the same special verdict form, the jury found the Century 21 defendants "100%" at fault and Lambert "0%" at fault. In response to special interrogatories, the jury specifically stated that its breach of contract and negligence findings against Lambert were "based solely on the conduct of [the Century 21 defendants] and not the conduct of [Lambert]." When the jury's findings are read in context, it becomes apparent that the jury found Lambert only vicariously liable for her agents' negligence. Vicarious liability is not premised on fault. Thus, the jury's negligence findings do not preclude Lambert's recovery of her own attorney's fees from appellants under the tort of another doctrine.

Appellants maintain that the tort of another doctrine does not apply because the litigation below was an unexceptional "two-sided lawsuit." We disagree.

Appellants' reliance on *Trails Trucking, Inc. v. Bendix-Westinghouse etc. Air Brake Co.* (1973) 32 Cal.App.3d 519 (*Trails Trucking*) is misplaced. The plaintiffs in that case were injured when a semi tractor trailer collided with their automobile. They sued the truck driver and the trucking company. (*Id.* at p. 521.) The trucking company cross-complained against two other companies, one of which supplied an allegedly defective air brake. (*Ibid.*) The jury found the air brake supplier solely liable for the plaintiffs' injuries. (*Ibid.*) The indemnity issues (which had been severed) were then tried. The trial court directed a verdict disallowing the trucking company's recovery of the attorney's fees it incurred in the main action. (*Id.* at p. 522.)

The Court of Appeal affirmed. The court found only a "superficial similarity" between the case before it and *Prentice*, California's seminal case on the tort of another exception. (*Trails Trucking*, *supra*, 32 Cal.App.3d at p. 523.) The court explained that the trucking company failed to show " 'an exceptional circumstance' adequate to take our case out of the general rule and constitute an 'exception.' " (*Ibid.*) It stated that "[i]n

18

*Prentice* . . . and the cases upon which it is based and which have followed it, courts have allowed such fees and expenses when exceptional circumstances have been found to exist. . . . Here there is no case of fraud, separate litigation necessarily brought about by the wrongdoing of the ultimate single tortfeasor, no chain of vexatious litigation" or other exceptional circumstance. (*Id.* at p. 524.)

*Trails Trucking* does not advance appellants' position. The case was decided in 1973. The California Supreme Court has since rejected the notion that recovery under the tort of another doctrine requires exceptional circumstances. (*Brandt v. Superior Court* (1985) 37 Cal.3d 813, 818, fn. 4 [noting that the court had in *Gray* "rejected the notion that recovery under [the tort of another doctrine in non-products liability cases] required exceptional circumstances."].) The high court has also made it clear that a defendant in a non-products liability case is not precluded from obtaining tort of another damages where the fees sought were incurred in defense of alleged wrongdoing on his or her part. (§ 1021.6; *Bay Development, supra*, 50 Cal.3d at p. 1027.) Thus, *Trails Trucking* does not help appellants. If it is characterized as a products liability case, it is inapposite here. If it is characterized as a non-products liability case, the rationale on which it was founded is no longer valid in non-products liability cases such as this one.

Appellants argue in their reply brief on appeal that the trial court improperly awarded Lambert fees that were not "incurred solely to defend the [c]omplaint filed by [plaintiffs]." Appellants did not raise this issue below. Nor did they mention it in their opening brief on appeal. Appellate courts ordinarily do not consider new issues raised for the first time in an appellant's reply brief because to do so " 'would deprive the respondent of an opportunity to counter the argument.' [Citation.] 'Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant.' [Citation.]" (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 (*Reichardt*).) " ' "Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before." ' "

19

[Citation.] [¶] . . . [T]he court may properly consider them as waived . . . ." (*Id.* at pp. 764-765.) Here, appellants offer no explanation for their tardiness. We decline to consider the issue. (*Reichardt*, at p. 765.)

### D. Amount of Attorney's Fees Awarded to Plaintiffs

Appellants contend that the trial court abused its discretion in awarding plaintiffs an "excessive and unreasonable" amount of attorney's fees. Since we have determined that plaintiffs' attorney's fees cannot be transferred from Lambert to appellants, we need not reach this issue. We note that Lambert did not challenge the amount of attorney's fees claimed by plaintiffs below, nor has she done so here.

### E. Motion to Strike and/or Tax Costs Claimed by Lambert

Appellants contend that the trial court abused its discretion to the extent it denied their motion to strike and/or tax costs claimed by Lambert. Their first contention is that the amount Lambert claimed for filing and motion fees in item one of her memorandum of costs must be reduced by $1,550 because she cannot recover costs incurred in connection with her two prior appeals. We agree with this contention. The power to award costs on appeal rests with the Courts of Appeal, not with the trial courts. (Cal. Rules of Court, rule 8.278.) Lambert did not seek to recover costs incurred on her withdrawn appeal from this court. California Rules of Court, rule 8.278 does not provide for recovery of those costs.

Nor can Lambert recover filing and motion fees incurred in connection with the *Dalton I* appeal. This court expressly directed that all parties were to bear their own costs on appeal. (*Dalton I*, *supra*, H029904.) The trial court lacked authority to countermand this court's directive. (*Hampton*, *supra*, 38 Cal.2d at p. 654.) The November 7, 2011 order must be modified to grant appellants' motion to tax and/or strike $1,550 in costs claimed by Lambert under item one.

20

Appellants challenge an additional $3,498.50 in costs claimed by Lambert.  They argue that those costs were not authorized by statute.  Lambert does not dispute this contention.  Instead, she argues that the trial court properly awarded those costs as tort of another damages.  We agree with Lambert's contention.

The Second Restatement of Torts provides in section 914 that "[o]ne who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees *and other expenditures* thereby suffered or incurred in the earlier action."  (Rest.2d Torts, § 914, bold omitted & italics added.)  California has adopted this exception to the general American rule that parties must bear their own attorney's fees and costs in tort actions.  (*Prentice*, *supra*, 59 Cal.2d at p. 620.)  As stated in *Prentice,* "A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, *and other expenditures* thereby suffered or incurred."  (*Ibid*, italics added; see *Isthmian Lines, Inc. v. Schirmer Stevedoring Co.* (1967) 255 Cal.App.2d 607, 611-613 [remanding case for trial court to determine the amount of attorney's fees and expenses recoverable as tort of another damages].)

Here, the trial court implicitly determined that the nonstatutory costs claimed by Lambert were reasonably necessary "other expenditures" recoverable as tort of another damages.  (*Prentice*, *supra*, 59 Cal.2d at p. 620.)  Appellants do not argue that the expenditures were not reasonably necessary.  No abuse of discretion appears.


## F.  Asserted Clerical Error

Appellants urge us to reverse the trial court's reinstated order.  They assert that the order was "clearly erroneous" because its award of $50,000 in fees and costs against them was "a clerical error."  They contend that "[w]hat the court meant to say was that

21

[plaintiffs] may recover attorneys' fees and costs against <u>Lambert</u> in the amount of $50,000." Appellants did not raise this argument below. On the contrary, they argued that the reinstated order "on its face needed no clarification." They consistently maintained that the $50,000 that the order awarded to plaintiffs "against [the Century 21 defendants] only" was an implicit denial of plaintiffs' motion to recover fees and costs against Lambert. We deem the argument forfeited. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 595-592.) The reinstated order is in any event moot. The trial court vacated that order in 2008 and imposed the June 13, 2008 order in its stead. We have determined that the trial court properly awarded plaintiffs contractual attorney's fees and costs against Lambert.

## III. Disposition

The June 13, 2008 order after judgment is reversed. The matter is remanded to the trial court with directions to vacate the June 13, 2008 order and to enter a new order (1) vacating its April 18, 2008 order; (2) awarding plaintiffs $262,905.50 in costs and contractual attorney's fees against Lambert; (3) denying Lambert's motion for equitable indemnity from appellants for that amount; and (4) granting Lambert's motion to recover her own attorney's fees and costs as tort of another damages from appellants.

The November 7, 2011 order after judgment is modified to disallow Lambert's recovery of $1,550 in filing and motion fees incurred in connection with her two previous appeals. As modified, the November 2011 order is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Elia, Acting P. J.

_____
Grover, J.