[Civ. No. 49433. First Dist., Div. Three. Feb. 22, 1982.]

TRILBY PEDERSON, Plaintiff and Respondent, v.
BRUCE KENNEDY, Defendant and Appellant.

COUNSEL

Hoge, Fenton, Jones & Appel and Michael D. McSweeney for Defendant and Appellant.

M. Jean Starcevich and Mezzetti & Testa for Plaintiff and Respondent.

OPINION

**BARRY-DEAL, J.**—Defendant-appellant, Bruce Kennedy, individually and doing business as Summit Properties, appeals from the portion of the judgment which awards plaintiff-respondent attorneys' fees in the sum of $17,500 as compensatory damages.

The sole issue on appeal is a legal one: Does Civil Code section 3333[1] authorize attorneys' fees as an element of compensatory damages awarded in a judgment against a fiduciary based upon a finding of fraud? Appellant contends that Code of Civil Procedure section 1021[2] precludes such an award. We agree.

---

[1] Civil Code section 3333 provides as follows: "BREACH OF OBLIGATION OTHER THAN CONTRACT. For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

[2] Code of Civil Procedure section 1021 provides as follows: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as herein-after provided."

## The Facts

The parties have filed an agreed statement setting forth only the facts pertinent to this appeal. Respondent, the purchaser of improved real property in Los Gatos, filed an amended complaint seeking damages for negligence, negligent misrepresentation, intentional misrepresentation and concealment, and breach of fiduciary duty against appellant, the real estate broker, and others. None of the written documents pertaining to the real estate transaction contained an attorney's fee clause. In prosecuting her action against appellant, respondent incurred reasonable attorneys' fees in the amount of $17,500.

The issue of respondent's claim for fees as part of her compensatory damages was reserved for court trial after a resolution of the other issues by jury. The jury returned a verdict for damages against the sellers and appellant, jointly and severally, for $10,466 for fraud, a verdict for damages against the contractor for $15,000 for negligence, and a verdict against appellant for $2,500 in addition to the joint and several award. The trial court determined that fees were a recoverable item of compensatory damages.

Appellant challenges only the award of attorneys' fees. The other defendants are not parties to this appeal.

## Discussion

The parties agree that if the defrauding party stands in a fiduciary relationship to the victim, the measure of damages governing compensation for torts generally will apply, rather than the more restricted measure set forth in Civil Code section 3343 relating to fraud in the sale of real property where the tortfeasor is not a fiduciary. (See *Pepitone v. Russo* (1976) 64 Cal.App.3d 685, 688-689 [134 Cal.Rptr. 709].)

Tort damages are governed by section 3333 of the Civil Code, which provides, in part, "the measure of damages, . . . is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." Although the broad language of section 3333 would seem to require an award of attorney's fees to make the wronged party whole, California follows the general

American rule[3] that fees are not recoverable. (See *Woodward* v. *Bruner* (1951) 104 Cal.App.2d 83, 85-86 [230 P.2d 861].)

In the case before us, the trial court mistakenly relied on Civil Code section 3333 and on *Walters* v. *Marler* (1978) 83 Cal.App.3d 1 [147 Cal.Rptr. 655] to award fees as part of compensatory damages. In *Walters*, a 37-page opinion discussing a multitude of complex issues in real estate fraud litigation, the court affirmed an award of fees "where a defending party stands in a fiduciary relationship to the victim of a fraud . . . ." (*Id.*, at p. 30.) The only authority cited in *Walters* to support the award is *Overgaard* v. *Johnson* (1977) 68 Cal.App.3d 821 [137 Cal. Rptr. 412]. *Overgaard*, as we discuss below, is inapposite.

The Legislature, following the general American rule, has established that each party to a lawsuit is responsible for his or her own attorney's fees in the absence of an agreement between the parties for fees or a statute specifically authorizing fees. (Code Civ. Proc., § 1021; *Davis* v. *Air Technical Industries, Inc.* (1978) 22 Cal.3d 1, 5 [148 Cal.Rptr. 419, 582 P.2d 1010]; *Harbor City Discount Auto Center, Inc.* v. *Firestone Tire & Rubber Co.* (1979) 95 Cal.App.3d 886, 890-894 [157 Cal.Rptr. 438].)

There are a limited number of exceptions to the general rule precluding recovery of fees, in addition to the two exceptions set forth in Code of Civil Procedure section 1021. Three exceptions, labeled as the "Common Fund Theory," the "Substantial Benefit Theory," and the "'private attorney general' theory," are discussed in *Serrano* v. *Priest* (*Serrano III*) (1977) 20 Cal.3d 25, 35-48 [141 Cal.Rptr. 315, 569 P.2d 1303]. None is applicable to this case.

A fourth exception, commonly referred to as "the tort of another" or "the third-party tort" exception, was first enunciated in *Prentice* v. *North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618, 620-621 [30 Cal.Rptr. 821, 381 P.2d 645]. Under this exception, attorney's fees which one is required to expend in defending or prosecuting an action because of the tort of another are deemed to be recoverable items of damage in a later lawsuit against the tortious party. It was this exception that was involved in *Overgaard* v. *Johnson, supra,* 68 Cal.App.3d

---

[3]For a discussion of the English practice of awarding fees to the prevailing party, see Comment, *Attorney's Fees and the Federal Bad Faith Exception* (1977) 29 Hastings L.J. 319, 320-321, and authorities cited therein.

821, where the tortious acts of defendant Johnson had caused plaintiff Overgaard to incur attorney's fees in the defense of an action by a third party, Donny, against plaintiff. In the later action by Overgaard against Johnson, Johnson conceded, and the appellate court agreed, that the fees incurred in the prior Donny/Overgaard action were a recoverable item of damages. The court in *Walters* v. *Marler, supra*, 83 Cal.App.3d 1, cited *Overgaard* to support the recovery of fees in an ordinary two-party lawsuit. It was in error. Code of Civil Procedure section 1021 precludes such an award.

The judgment is modified by striking therefrom the portion reading: "Plaintiff, TRILBY PEDERSON, have judgment in the sum of $17,500.00 as and for attorneys [*sic*] fees incurred against BRUCE KENNEDY, individually and doing business as Summit Properties." As so modified, the judgment is affirmed. Appellant shall recover costs on appeal.

Scott, Acting P. J., and Feinberg, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 21, 1982.