[No. A034416. First Dist., Div. One. Apr. 1, 1987.]

RUFUS LEWIS et al., Plaintiffs and Appellants, v.
JAMES A. EDMONDS, JR., as Real Estate Commissioner, etc.,
Defendant and Respondent.

1102

COUNSEL

Steven M. McCarthy for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, and Julian O. Standen, Deputy Attorney General, for Defendant and Respondent.

OPINION

RACANELLI, P. J.—This is an appeal from a judgment of the superior court dismissing a petition requesting payment from the Real Estate Recovery Account (the Account) (Bus. & Prof. Code, § 10470 et seq.) for fraudulent acts committed by a real estate licensee.[1] We affirm the judgment.

The minimal record before us, consisting of an agreed statement and designated documents from the clerk's transcript, reveals the following procedural events:

On March 10, 1982, appellants Rufus Lewis and Willie Lee Lewis filed a complaint for damages, cancellation of a promissory note and trust deed, declaratory and injunctive relief. The named defendants included Richard Adams, a licensed real estate salesman, William J. Nikiforuk, a notary public, and the holders and transferors of the note and trust deed. The complaint alleged that appellants were illiterate and were defrauded by the actions of Adams and Nikiforuk, who induced them to execute a note and trust deed, forged their signatures on other documents and converted the proceeds of

---

[1]Sections 10470 to 10483 have since been repealed and replaced, operative January 1, 1987. (Stats. 1985, ch. 690, § 2, Deering's Ann. Bus. & Prof. Code (1984 ed., 1987 pocket supp.) foll. art. 3 at p. 63.)

the resulting loan. The note and trust deed were assigned to Beneficial Management Corporation and Benevest of California, which began foreclosure proceedings when payments were not made on the loan.

A demurrer was sustained without leave to amend as to the fourth cause of action against Nikiforuk for "notary fraud" on the theory that only the lenders, who relied on the authenticity of the loan documents, could assert that cause of action. On August 17, 1983, a default judgment was entered against Richard Adams in the amounts of $2,700 "principal," $1,425.69 interest, $5,000 punitive damages, costs of $202.50 and attorney fees of $7,500.

On October 19, 1983, appellants filed an application for payment of the judgment (excluding punitive damages) from the Account, alleging that the judgment against Adams was predicated on his fraudulent conduct while acting as a licensed real estate salesman when he negotiated the loan; and that a diligent search had located no assets to satisfy the judgment. The Real Estate Commissioner appeared and objected to any payment of attorney fees or any other damages prior to exhaustion of remedies against Nikiforuk as required by Business and Professions Code section 10472, subdivision (b)(6). Appellants responded that the sustaining of the demurrer left them without a remedy against Nikiforuk, and that attorney fees should be reimbursed under the "tort of another" theory. Following an agreement to settle with all parties except Adams and Nikiforuk, the application was heard and denied resulting in a judgment of dismissal with prejudice.

On appeal, appellants renew their argument that they are entitled to recover attorney fees and costs from the Account.[2] (Appellants do not challenge the court's refusal to award the items denoted as principal and interest in the application.)

Business and Professions Code section 10471, subdivision (a), provides in relevant part: "When any aggrieved person obtains a final judgment ... against any person ... licensed under this part, under grounds of fraud ... arising directly out of any transaction when the judgment debtor was licensed and performed acts for which a license is required under this part, ... the aggrieved person may, upon the judgment becoming final, file a verified application in the court in which the judgment was entered for an order directing payment out of the Recovery Account of the amount of actual and direct loss in the transaction ...."

---

[2]At oral argument, the Attorney General stipulated that appellants were entitled to costs of trial ($202.50) plus costs of this appeal. The parties agreed to stipulate to the total amount of costs due to appellants, therefore rendering the issue of costs moot.

Appellants argue that the attorney fees they incurred were a direct result of Adams's tort, and were properly recoverable as an element of damages, notwithstanding the contrary decision of this court in *Acebo* v. *Real Estate Education etc. Fund* (1984) 155 Cal.App.3d 907 [202 Cal.Rptr. 518] (fraud judgment against licensee included an award for attorney fees). ■ The argument is based upon the "third party tort" exception to the general rule that attorney fees are not recoverable absent an agreement or statutory authority. (Code Civ. Proc., § 1021.) The so-called exception allows recovery of attorney fees in the situation where: "One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person . . . ." (Rest.2d Torts, § 914, subsec. (2).) Thus, the third party tort exception arguably would support a recovery *from Adams* for attorney fees incurred in appellants' defense of the foreclosure proceeding, but not for fees incurred in the ordinary two-party action involving Adams. (*Pederson* v. *Kennedy* (1982) 128 Cal.App.3d 976, 980 [180 Cal.Rptr. 740]; *Austero* v. *Washington National Ins. Co.* (1982) 132 Cal.App.3d 408, 412 [182 Cal.Rptr. 919], disapproved on other grounds in *Brandt* v. *Superior Court* (1985) 37 Cal.3d 813, 816-817 [210 Cal.Rptr. 211, 693 P.2d 796].)

As explained in *Austero, supra,* 132 Cal.App.3d at page 412: "[T]he so-called 'third party tort exception' to the general rule is not really an exception at all. The theory of recovery is that the attorney fees incurred in litigating with the third person are recoverable as damages, like any other damages, *in the action against the wrongdoer.* [Citations.]" (Italics added.)

In *Acebo, supra,* we determined that attorney fees were not recoverable under Business and Professions Code section 10471, since they were not an " 'actual and direct loss in the transaction.' " (*Acebo* v. *Real Estate Education etc. Fund, supra,* 155 Cal.App.3d 907, 910-911.) We there explained that the 1968 amendment to Business and Professions Code section 10471 narrowed the scope of reimbursement to those amounts which constitute "actual and direct loss in the transaction" and excluded any recovery for indirect damages as attorney fees which are incurred thereafter. Accordingly, we decline to extend the third party tort exception to recoveries from the Account in the circumstances shown.[3] No error occurred as claimed.

Appellants raise the additional argument that they are entitled to attorney fees on appeal pursuant to the private attorney general theory of Code of Civil Procedure section 1021.5. The only "important public interest" identi-

---

[3]In addition to our determination that the fees are not recoverable from the Account, we note that appellants failed to present any evidence from which the trial court could have determined that the $7,500 in claimed attorney fees was incurred in resisting the foreclosure action, as opposed to prosecuting the direct action against Adams.

fied by appellants is that of obtaining attorney fees from the Account. Since we have determined that issue adversely to appellants, we need not and do not discuss any issue of attorney fees on appeal.

The judgment from which the appeal is taken is affirmed.

Newsom, J., and Holmdahl, J., concurred.