**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: REGAN CARROLL, | No. 17-60059 |
| Debtor, | BAP No. 16-1125 |
| ------------------------------- | |
| REGAN CARROLL, | MEMORANDUM* |
| Appellant, | |
| v. | |
| CHARLES I. JADALLAH, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Faris, and Brand, Bankruptcy Judges

Submitted December 20, 2018**
San Francisco, California

Before: BOGGS,*** PAEZ, and OWENS, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

After a one-day trial in an adversary proceeding, a bankruptcy court held that $500,000 of a loan made by creditor Charles Jadallah to debtor Regan Carroll is nondischargeable under 11 U.S.C. § 523(a)(2)(A). A Bankruptcy Appellate Panel ("BAP") affirmed the bankruptcy court's judgment, and Carroll timely appealed to this court. As the parties are familiar with the facts, we do not recount them here. We affirm the bankruptcy court's decision.

The bankruptcy court's legal conclusions are reviewed de novo. *Rubin v. West (In re Rubin)*, 875 F.2d 755, 758 (9th Cir. 1989). Findings of fact, on the other hand, must be upheld unless they are clearly erroneous. *Briney v. Burley (In re Burley)*, 738 F.2d 981, 986 (9th Cir. 1984).

Section 523(a)(2)(A) excepts from discharge any debts for money, property, or services to the extent they are obtained by false pretenses, a false representation, or actual fraud. In order to establish that a debt is nondischargeable under § 523(a)(2)(A), a creditor must establish five elements by a preponderance of the evidence:

> (1) [M]isrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement of conduct.

*Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).

17-60059

Here, the bankruptcy court found that all five elements were met for both a nondisclosure and a misrepresentation claim with respect to several advances that Jadallah made to Carroll throughout 2013. On the nondisclosure claim, the court found (1) that Carroll had a duty to disclose to Jadallah several material facts, including that Carroll had unilaterally changed the scope of the project, and did not do so; (2) that Carroll knew of these facts when requesting several advances from Jadallah; (3) that Carroll's intent to deceive Jadallah could be inferred from the fact that he feared that Jadallah would not make further advances had he known about the withheld facts; (4) that Jadallah did not know of these facts and consequently relied on Carroll's representations; and (5) that Jadallah consequently provided $400,000 in advances at Carroll's request and was not paid back. None of these findings were clear error.

On the misrepresentation claim, the court found (1) that Carroll made numerous misrepresentations to Jadallah at a June 2013 meeting; (2) that Carroll knew that those misrepresentations were false; (3) that Carroll's intent to deceive Jadallah could be inferred because the only plausible explanation he had for making those misrepresentations was to induce Jadallah to advance more funds; (4) that Jadallah justifiably relied on those misrepresentations because he did not know of the true facts and had no reason to doubt Carroll; and (5) that Jadallah consequently provided $100,000 in advances at Carroll's request and was not paid

3                                                                                    17-60059

back.  None of these findings were clear error, either.

In an attempt to show that Jadallah did not in fact suffer any damages from the transaction,[1] Carroll has submitted several pieces of evidence to this court purporting to prove that Jadallah profited from a post-trial sale of the property in question.[2]  Jadallah has moved to strike these documents from the record on appeal.[3]  None of these documents were part of the trial record, nor were they admitted into evidence by the bankruptcy court.  All of the facts they are designed to prove occurred *after* the trial concluded.  "Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal." *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).  Similarly, "[p]apers submitted to the district court after the ruling that is challenged on appeal should be stricken from the record on appeal." *Id..*  Accordingly, we grant Jadallah's motion to strike those documents from the

---

[1] Carroll has also couched this mitigation theory under California's "special benefits doctrine."  The special-benefits doctrine "reflects the basic compensatory theory underlying tort damages by restricting recovery to the harm actually incurred" and is "considered in mitigation of damages, to the extent that this is equitable." *Heckert v. MacDonald*, 256 Cal. Rptr. 369, 372-73 (Ct. App. 1989).

[2] Carroll first introduced these pieces of evidence in a post-trial motion for reconsideration, which the bankruptcy court denied.

[3] Specifically, Jadallah has moved to strike: (1) a Declaration of Michael Cohen in Support of Request, and Request for Judicial Notice, dated September 2, 2016, and (2) a Declaration of Regan Carroll in Support of Revised Motion for Judgment on the Pleadings, Combined With Motion for Summary Judgment, dated November 13, 2014.

record on appeal and do not consider them. *See id.* at 1077-78 (striking documents from the record on appeal and therefore giving them no consideration in adjudicating the appeal). Having stricken those documents, nothing in the actual trial record pertains to the post-trial sale of property, on which Carroll's mitigation claim depends. Accordingly, we reject this argument.

Finally, Carroll renews an argument from his post-trial motion for reconsideration that the June 2013 statement he made to Jadallah that $100,000 would be sufficient to finish the job was a statement of his "financial condition" and therefore not within the purview of § 523(a)(2)(A). This argument fails for two reasons. First, Carroll failed to raise this argument before or at trial and asserting new arguments for the first time in a post-trial motion for reconsideration is impermissible. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (a motion to amend judgment "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). Second, even if the court entertained such an argument, Carroll's statements do not fall under the umbrella of those "respecting the debtor's or an insider's financial condition," which are excluded from consideration under § 523(a)(2)(A). In *Barnes v. Belice* (*In re Belice*), 461 B.R. 564 (BAP 9th Cir. 2011), the BAP adopted the test articulated by the Tenth Circuit in determining the meaning of this provision:

17-60059

> Statements that present a picture of a debtor's overall financial health include those analogous to balance sheets, income statements, statements of changes in overall financial position, or income and debt statements that present the debtor or insider's net worth, overall financial health, or equation of assets and liabilities. . . .  What is important is not the formality of the statement, but the information contained within it—information as to the debtors or insider's overall net worth or overall income flow.

461 B.R. at 578 (quoting *Cadwell v. Joelson* (*In re Joelson*), 427 F.3d 700, 714 (10th Cir. 2005), *abrogated on other grounds by Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018)).  Here, Carroll's statement that $100,000 would be sufficient to finish the job was not akin to a balance sheet, income statement, or any other document reflecting his financial condition.  Rather, he simply made a statement pertaining to whether the sum advanced would be sufficient to complete the work on the property.  Thus, Carroll's argument fails.

Accordingly, for the foregoing reasons, we **AFFIRM**.